State *v.* Ham.

APPLETON, C. J., KENT, WALTON and DICKERSON, JJ., concurred.

<

STATE *versus* DANIEL W. HAM *& als.*

By virtue of R. S., c. 131, § 4,* a person substantially charged in an indictment with the commission of an assault and battery, as well as of a riot, may be convicted of the former and acquitted of the latter.

ON EXCEPTIONS from *Nisi Prius.*
INDICTMENT.

* See opinion.

State *v.* Ham.

*D. D. Stewart*, in support of the exceptions.

*J. A. Peters, Att'y Gen'l, contra.*

APPLETON, C. J.—The defendants were indicted for a riot, for that they "with force and arms at Hartland aforesaid, in the county aforesaid, unlawfully, riotously and routously did assemble and gather together to the disturbance of the public peace, and being so then and there assembled and gathered together, in and upon one Joel T. Stafford, then and there unlawfully, riotously and routously did make an assault, and the said Joel T. Stafford then and there unlawfully, riotously and routously did beat, wound and illtreat," &c. Under this indictment the defendants were found guilty of assault and battery, and not guilty of a riot.

By R. S., 1857, c. 131, § 4, "when a person, indicted for any offence, is acquitted of a part by the verdict of a jury, and found guilty of the residue thereof, such verdict may be received and recorded by the Court; and he may be considered as convicted of the offence, if any, which is substantially charged by such residue, and be punished accordingly, though such offence would not otherwise be within the jurisdiction of said Court."

The indictment substantially charges a riot with an assault and battery.

Under an indictment charging four with riot and a riotous assault and battery, one may be convicted of an assault and battery and the others acquitted generally. *Shouse* v. *Commonwealth*, 5 Barr, 83. "When a count in the indictment," remarks BURNSIDE, J., in delivering the opinion of the Court in the case just cited, "contains a double averment, it is the province of petit jury to discriminate and find the divisible offence; and this distinction runs through the whole criminal law." *Exceptions overruled.*

KENT, WALTON, DICKERSON and DANFORTH, JJ., concurred.