DENNIS COLLINS, PETITIONER
FOR WRIT OF HABEAS CORPUS

*vs.*

ALLAN L. ROBBINS, WARDEN
MAINE STATE PRISON

Knox.    Opinion, November 21, 1951.

*Christopher S. Roberts,* for petitioner.

*Frank F. Harding,*
*Curtis M. Payson,* for State of Maine.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

NULTY, J.   Habeas corpus proceedings from Knox County Supreme Judicial Court in vacation and brought forward to this court on report upon facts agreed, R. S., 1944, Chap. 91, Sec. 14, and certified for immediate decision by agreement of Counsel. *Wade* v. *Warden of State Prison,* 145 Me. 120, 73 A. (2nd) 128.   The facts disclosed by the record are:

Dennis Collins, a minor, brought a petition for a writ of habeas corpus against Allan L. Robbins, Warden of the Maine State Prison, in usual form on July 24, 1951, and, on said petition the writ of habeas corpus was ordered to issue forthwith.   On the same day the Warden produced the body of Dennis Collins before the court and made the usual return, attaching thereto a certified copy of the *mittimus* under which said Dennis Collins was detained. A brief hearing was had in which Dennis Collins testified that at the time of his indictment for the murder of his father he was thirteen years old and that the date of his birth was February 23, 1937.

The record as reported includes the petition for the writ, the writ, the return of the writ by the Warden of the State Prison, with a certified copy of the mittimus, the record of the original case in Knox County Superior Court and the facts taken out at the hearing.   It also includes a stipulation that said Dennis Collins was arraigned in the Rockland

Municipal Court on October 30, 1950, on the charge of murder and that he was bound over to the grand jury of the Superior Court, November Term, Knox County, 1950.

The Knox County records of the Superior Court for the November Term, 1950, disclose that the grand jury indicted Dennis Collins for murder and that counsel was appointed by the court to represent said Dennis Collins. Upon arraignment said Dennis Collins pleaded guilty to the crime of manslaughter which plea the court accepted and sentenced him to be confined to hard labor in the State Prison at Thomaston for the term of not less than five years and not more than ten years and a mittimus for his commitment was duly issued and said Dennis Collins was duly committed under said mittimus.

The petition for the writ of habeas corpus alleges in the usual form that the petitioner, Dennis Collins, is now unlawfully imprisoned in the Maine State Prison at Thomaston, and the petitioner, Dennis Collins, now contends that the Superior Court for the County of Knox, when it accepted his plea of manslaughter to the indictment charging murder, was without jurisdiction to impose sentence because judges of municipal courts within their respective jurisdictions have exclusive original jurisdiction of all offenses, except for a crime, the punishment for which may be imprisonment for life or any term of years committed by children under the age of 17 years. Thus, the petitioner's claim involves the construction of the second paragraph of R. S., 1944, Chap. 133, Sec. 2, as amended by Chap. 334 of the Public Laws of 1947, the pertinent part as amended reading as follows:

> "Judges of municipal courts within their respective jurisdictions shall have exclusive original jurisdiction over all offenses, except for a crime, the punishment for which may be imprisonment for life or for any term of years, committed by children under the age of 17 years, and when so exer-

> cising said jurisdiction shall be known as juvenile courts. Any adjudication or judgment under the provisions of sections 4 to 7, inclusive, shall be that the child was guilty of juvenile delinquency, and no such adjudication or judgment shall be deemed to constitute a conviction for crime."

No question is raised by the petitioner as to the jurisdiction of the Superior Court of Knox County over the crime of murder for which he was charged in the indictment found by the grand jury at the November 1950 Term. This court recently declared in *Wade* v. *Warden of State Prison, supra,* that murder was an offense clearly excepted from the jurisdiction of the juvenile courts and set forth at length in that exhaustive opinion the interpretation of Revised Statutes and Public Laws last cited with respect to the respective jurisdictions of the Superior and Municipal Courts over a juvenile charged with the crime of manslaughter. In other words, the petitioner's claim now is that he could not be legally sentenced after his accepted plea of manslaughter to an indictment charging him with murder because the Superior Court of Knox County by its action in accepting his plea of manslaughter was without jurisdiction to further act and dispose of the case, the exclusive original jurisdiction over the offense being by law vested in the judges of the Municipal Courts.

The petitioner, Dennis Collins, was charged with murder. He was first taken before the Rockland Municipal Court, arraigned and bound over to the grand jury for the November 1950 Term of Knox County Superior Court. At that time the Superior Court of Knox County had exclusive original jurisdiction of this particular crime of murder, it being excepted in the act granting jurisdiction to the judges of the municipal courts over offenses committed by children under the age of seventeen years. See R. S., 1944, Chap. 133, Sec. 2, as amended, *supra.* We, therefore, hold that the Superior Court of Knox County had exclusive original ju-

risdiction of the crime of murder. Therefore, at the time of the arraignment of the petitioner, Dennis Collins, for the crime of murder on the indictment found by the grand jury of said Knox County the jurisdiction of the Superior Court with respect to the crime charged was the same as if the so-called juvenile court laws referred to and cited herein had not been enacted. In other words, the jurisdiction of said Superior Court was in no way changed. See *State* v. *Rand and Henry,* 1934, 132 Me. 246, 250, 169 A. 898.

The question now before us seems to be, was the Superior Court for Knox County without jurisdiction to impose sentence when it accepted the petitioner's plea of guilty of manslaughter to the indictment charging murder?

It has long been accepted as a well known principle of law that

> "the jurisdiction of a court depends upon the state of affairs existing at the time it is invoked, and if the jurisdiction once attaches to the person and subject matter of the litigation, the subsequent happening of events, though they are of such a character as would have prevented jurisdiction from attaching in the first instance, will not operate to oust the jurisdiction already attached. This is the statement of the rule that subsequent events will never defeat jurisdiction already acquired." 12 Encyclopedia of Pleading and Practice, Page 171.

The Supreme Court of Missouri, in *State* v. *Wear,* 1898, 145 Missouri, 162, 205, 46 S. W. 1099, said, in speaking of jurisdiction:

> "The pendency of a cause in a court where jurisdiction exists, and has been acquired in a lawful manner is a test of the continuance of such jurisdiction, and of its valid exercise until final disposition is made of the cause, no matter how flagrant may be the errors which attend the exercise of such jurisdiction, nor how numerous and obvious

may be the errors with which the record abounds, because the jurisdiction to decide right, being once conceded, such concession necessarily embraces the power to decide wrong, and a wrong decision though voidable, and though it may be avoided, yet until avoided is equally as binding as a right one; it cannot be attacked collaterally; the only way its binding force can be escaped or avoided is by appeal or writ of error."

The Court of Appeals of Kentucky, in *Stewart, Pros. Atty., et al.* v. *Sampson, Judge et al.*, 1941, 285 Ky. 447, 148 S. W. (2nd) 278, 280, 281, said in speaking of jurisdiction:

"The term (jurisdiction) applies to both the litigant in the cause and to its subject matter, by which is meant that a court, before it may exercise judicial power to determine a cause pending before it, must have authority to deal with and determine the questions relating to the subject matter of the litigation, and also must in some way have the litigant whose interest is involved in the subject matter properly brought into court, and which is usually designated as 'jurisdiction of the person.' Therefore (employing the usual terms with reference thereto), a court may not proceed to determine a matter before it unless it has 'jurisdiction of the person' as well as 'jurisdiction of the subject matter.'"

"To begin with, it should be borne in mind that the term 'jurisdiction', as applied to judicial tribunals, emanates exclusively from the constitution and legally enacted statutes of the sovereignty of the forum. 14 Am. Jur. 368, § 169."
"Technical jurisdiction, therefore, is the power and authority on the part of the court to hear and judicially determine and dispose of the cause pending before it, and which power and authority must be conferred in the manner hereinbefore stated."

The Supreme Court of Florida in *Tidwell* v. *Circuit Court of DeSoto County, et al.*, 1942, 151 Fla. 333, 9 So. (2nd) 630, said in speaking of jurisdiction where the claim was

made in connection with the charge of a felony which by operation of a statute was reduced to a misdemeanor, the petitioner claiming that the circuit court had no jurisdiction because of the reduced grade of crime, said the following:

"The gravity of the offense was fixed at the time of its commission and the voluntary act on the part of the defendant in making restoration to the person whose property was stolen has no influence upon the nature of the crime or the jurisdiction of the court in which the matter should be tried, but only serves to diminish the character of the punishment if the defendant is eventually convicted."

To the same effect see *Harmon* v. *State*, 1913, 8 Alabama Appellate Court Reports, 311, 62 So. 438, and *Koppel* v. *Heinrichs*, 1847, 1 Barb. (N. Y.) 449.

In 16 Corpus Juris, Criminal Law, Par. 247, Page 182, in speaking of a conviction of an offense below jurisdiction or within jurisdiction of the lower court, we find the following statement:

"Where the court has jurisdiction of the crime for which accused is indicted, it is not lost if on the evidence he is convicted of a crime of an inferior grade of which it would not have jurisdiction originally, - - - -." See cases cited in note.

To the same effect, see 22 Corpus Juris Secundum, Criminal Law, Par. 169, Page 264.

In *Carson, Petitioner,* 1944, 141 Me. 132, 39 A. (2nd) 756, we had occasion to consider whether the accused in an indictment charging a substantive offense could be legally convicted and sentenced for an attempt to commit the crime charged and if so whether the attempt to commit the crime is a lesser crime included in the greater one. We decided in that case that the accused could and that an attempt to commit a particular crime is not only necessarily included in but is also substantially charged by an indictment alleging

the crime itself has been committed, and that R. S., 1944, Chap. 132, § 10, aptly provides for such a situation if, according to the wording of the statute, the residue of the charged crime is substantially charged in the indictment under which the prosecution is conducted. See also *State* v. *Ham et als.*, 1866, 54 Me. 194, and *State* v. *Leavitt*, 1894, 87 Me. 72, 32 A. 787. In *State* v. *Waters*, 1854, 39 Me. 54, 65, cited in *Carson, Petitioner, supra,* we declared:

> "The jury may acquit the defendant of part and find him guilty of the residue. 1 Chit. C. L. 637. Where the accusation includes an offense of an inferior degree, the jury may discharge the defendant of the higher crime and convict him on the less atrocious. 2 Hale, 203. This rule applies in all cases where the minor offense is necessarily an elemental part of the greater, and when proof of the greater necessarily establishes the minor."

In the instant case the petitioner was charged with murder. Under our law the crime of murder includes manslaughter. *State* v. *Conley*, 1854, 39 Me. 78, 87. In fact, it has been held from the earliest days that upon an indictment for murder a conviction may be had for manslaughter. 1 Hale, 449; 2 Hale, 302. There are a great many instances where defendants have been found guilty of the lesser offense embraced or included in the larger charge and these have been sustained by the authorities. See *State* v. *Webster*, 1859, 39 N. H. 96, 99, where the court said:

> "The evidence failing to substantiate the greater offense, the jury, under the instructions of the court, returned a verdict for an assault and battery. - - - - - - - - - It is a verdict for a lesser offense embraced in a larger one, and as such is sustained by the authorities; - - -."

The New Hampshire Court goes on to say, Page 100, in speaking of higher offenses which involved the construction of a New Hampshire statute relating to the jurisdiction of justices of the peace under the statute:

"It does not apply to higher offenses, (enumerating them). An indictment may be found in all such cases without any preliminary examination before a magistrate; and if upon the trial the evidence fails to sustain the indictment to the full extent, the court are not thereby ousted of their jurisdiction. The grand jury find the matter as it appears before them, and present to the court an indictment for an offense, which requires no preliminary proceedings before a justice of the peace, and of which the court have jurisdiction in the first instance; and having that jurisdiction it is not in any way affected by the result of the trial."

The cases cited and commented upon up to this point indicate that the accused has been found guilty of the lesser or included offense by the jury but it is a well settled principle of law requiring no citation of authorities that the accused may plead guilty or confess to an inferior or lesser crime provided the court having jurisdiction is willing for good cause shown to accept the plea and there is no reason why an indictment charging murder which necessarily includes the lesser offense of manslaughter and contains everything essential to establish the guilt of the petitioner, would not have the legal effect, if the petitioner were permitted to plead guilty to manslaughter, of acquitting the petitioner of the charge of murder. See *Carson, petitioner, supra.*

The petitioner through his counsel strongly urges that this court adopt the holding of the Louisiana Court in *State v. Dabon,* 1927, 162 La. 1075, 111 So. 461, which held that the conviction of manslaughter of a juvenile charged with murder and who had not previously been before the juvenile court could not be sustained and amounted only to a verdict of not guilty of murder, and that the child was still subject to proceedings before the juvenile court based upon manslaughter as juvenile delinquency. The contrary result was reached by the Tennessee Court in *Howland v. State,* 1924, 151 Tenn. 47, 268 S. W. 115, which holds that if a

juvenile is properly indicted for murder, that crime not being within the jurisdiction of the juvenile court, the jurisdiction of the criminal court having properly attached, it attached for all purposes and the conviction of the juvenile of manslaughter was correct.

As a result of our examination of the authorities and cases cited herein we are of the opinion that the Tennessee Rule is the correct rule and we, therefore, hold and declare that the jurisdiction of the Superior Court of Knox County was in no way changed when it accepted from the petitioner, a juvenile under the age of seventeen years, a plea of guilty of manslaughter to an indictment charging murder and we further hold and declare that jurisdiction as we have defined it in this opinion cannot be lost or ousted under such circumstances as are described herein, and once having attached it continues until the final disposition of the cause.

We said in *Wallace* v. *White,* 1916, 115 Me. 513, 519, 521, 99 A. 452:

> "If a court has jurisdiction of the person and cause, the fact that the sentence is excessive or otherwise erroneous is not ground for discharge on habeas corpus. A writ of habeas corpus cannot reach errors or irregularities which render proceedings voidable merely, but only such defects in substance as render the judgment or process absolutely void."

> "It is the judgment of the court which authorizes detention. - - - - The judgment is the real thing, - - - -. The important question on habeas corpus is, is the prisoner in the custody where the judgment commanded him to be put, - - - -."

See also *Cote* v. *Cummings,* 1927, 126 Me. 330, 332, 138 A. 547.

We hold that the commitment of the petitioner was properly made under a valid judgment. It necessarily follows that the mandate will be

> *Writ discharged. Petitioner remanded to the custody of the Warden of Maine State Prison in execution of sentence.*