STATE OF HAWAII, Plaintiff-Appellee *v.* ALBERTO V. VILLADOS, Defendant-Appellant.

NO. 5523

MARCH 27, 1974

RICHARDSON, C.J., KOBAYASHI, OGATA, JJ.,
CIRCUIT JUDGE LUM IN PLACE OF LEVINSON,
J., DISQUALIFIED; and CIRCUIT JUDGE LANHAM
ASSIGNED TEMPORARILY BY REASON OF VACANCY

OPINION OF THE COURT BY RICHARDSON, C.J.

This case involves the question of whether the circuit court may retain jurisdiction to sentence a criminal defendant accused of a misdemeanor offense after he had first demanded a jury trial then withdrew his plea of not guilty and entered a plea of *nolo contendere,* or if the circuit court must remand such case to the district court for proper disposition. Defendant-appellant Alberto V. Villados was charged and found guilty in the circuit court of heedless and careless driving, in violation of HRS § 291-1. From a denial of his motion to vacate sentence, this appeal was taken.

We affirm.

Appellant was apprehended and arrested after a high speed chase on King Street in Honolulu on May 14, 1973. He

was arraigned in district court on two charges: unlawful place for keeping firearms, in violation of HRS § 134-6, which carries a maximum sentence of one year and maximum fine of $1,000, and heedless and careless driving, in violation of HRS § 291-1, which also carries a maximum sentence of one year and maximum fine of $1,000. He entered a plea of not guilty and a demand for jury trial, and the case was committed to circuit court for trial.

HRS § 603-21.5 confers upon the circuit courts jurisdiction of all "criminal offenses cognizable under the laws of the State," except for those offenses "otherwise expressly provided." HRS § 604-8[1] confers upon the district courts jurisdiction over misdemeanor cases. The defendant may demand a jury trial at arraignment. D. Ct. R. Penal P. Rule 26(e),[2] H.R.Cr.P. Rule 5(e)(2). This demand for jury trial divests the district court of jurisdiction over the case, and confers jurisdiction on the circuit court.

As a result of plea bargaining between the appellant and the State, the State agreed to *nolle prosequi* the firearms charge. In return, the appellant on July 20, 1973, moved the circuit court for leave to withdraw his plea of not guilty to the

---

[1] This section provides:

§ 604-8 Criminal, misdemeanors, generally. District courts shall have jurisdiction of, and their criminal jurisdiction is limited to, criminal offenses punishable by fine, or by imprisonment not exceeding one year whether with or without fine. They shall not have jurisdiction over any offense for which the accused cannot be held to answer unless on a presentment or indictment of a grand jury.

In any case cognizable by a district court as aforesaid in which the accused has the right to a trial by jury in the first instance, the district court, upon demand by the accused, for such trial by jury, shall not exercise jurisdiction over such case, but shall examine and discharge or commit for trial the accused as provided by law, but if in any such case the accused does not demand a trial by jury on the date of arraignment or within ten days thereafter, the district court may exercise jurisdiction over the same, subject to the right of appeal as provided by law.

[2] This paragraph of this rule provides:

(e) ELECTION. In appropriate cases, a defendant charged with a misdemeanor shall be tried by a jury in the circuit court unless such defendant elects to be tried without a jury in the district court. The judge shall inform the defendant of his right to make such election and shall not proceed to try the case unless the defendant after being so informed, elects to be tried in the district court. If the defendant does not so elect at or before the time of the entry of the plea of not guilty, the judge shall forthwith commit the defendant to the circuit court for trial by jury and shall transmit to the circuit court all papers in the proceeding and any bail deposited with the court.

charge of heedless and careless driving and to plead anew, and, leave being granted, entered a plea of *nolo contendere* to the charge. Thereupon the circuit court accepted the plea, found the appellant guilty as charged, and imposed upon him the maximum one year sentence, a $250 fine, and revoked his driver's license for one year.

On July 27, 1973, appellant filed a motion to vacate sentence in the circuit court, which motion was denied. The substance of this motion, which is identical to appellant's argument on appeal, is that appellant's withdrawal of his plea of not guilty divested the circuit court of jurisdiction to render judgment and impose sentence in this matter.

Appellant contends that the circuit court's jurisdiction is contingent upon a defendant's exercise of his right to a jury trial. A withdrawal of a plea of not guilty, he argues, is an implicit waiver of his right to a jury trial. *Boykin v. Alabama,* 395 U.S. 238, 243 (1969); *State v. McCoy,* 51 Haw. 34, 35, 449 P.2d 127, 128 (1968). Under this theory the withdrawal of the plea of not guilty and implied waiver of a right to jury trial divested the circuit court of jurisdiction over the case and again conferred it on the district court. Therefore the circuit court had no jurisdiction to accept the plea of *nolo contendere* but had jurisdiction only to remand the case to the district court for entry of the *nolo contendere* plea, imposition of sentence, and subsequent disposition of the case. D. Ct. R. Penal P. Rule 26(f).[3]

The State correctly argues that the initial demand for jury trial confers jurisdiction on the circuit court. It is not divested by the subsequent withdrawal of the plea of not guilty, and thus the circuit court retained jurisdiction to accept the plea of *nolo contendere* and to sentence the appellant.

Jurisdiction is defined as "the power and authority on the part of the court to hear and judicially determine and dispose of the cause pending before it." *Collins v. Robbins,* 147 Me. 163, 168, 84 A.2d 536, 538 (1951). The general rule is that

---

[3] This paragraph of this rule provides:

(f) TRIAL. Any defendant who shall plead not guilty to any charge in the district court and shall not be entitled to or shall have waived trial by jury shall be tried in the district court.

jurisdiction depends upon the state of affairs existing at the time it is invoked; once having attached, it is not lost by subsequent events but is retained by a court until fully exhausted by the entry of a final judgment. *State v. Howell*, 107 Ariz. 300, 301, 486 P.2d 782, 783 (1971); *Riley v. Superior Court*, 49 Cal. 2d 305, 309, 316 P.2d 956, 958 (1957).

We also hold that circuit courts are courts of general jurisdiction in this State, and therefore the presumption is in favor of retention rather than divestiture of jurisdiction. *Paley v. Coca-Cola Company*, 389 Mich. 583, 593, 209 N.W. 2d 232, 235-36 (1973). Because the divestiture of jurisdiction is a serious matter, before a party can claim that an act or statute has the effect of divesting jurisdiction which has regularly and fully vested, the law in favor of such divestment must be clear and unambiguous. Thus we concur with the proposition that "[j]urisdiction is not a light bulb which can be turned off or on during the course of the trial." *Silver Surprize, Inc. v. Sunshine Mining Co.*, 74 Wash. 2d 519, 523, 445 P.2d 334, 336 (1968).

The presumption against divestiture by subsequent events of jurisdiction lawfully acquired has often been at issue in two types of criminal appeals. The argument that a court was without jurisdiction has been raised in criminal appeals by defendants convicted of misdemeanors by courts with jurisdiction only over felonious offenses, and by juveniles charged and convicted in criminal proceedings. As to the latter class of appeals, the Maine Supreme Court held that:

> Where the court has jurisdiction of the crime for which accused is indicted, it is not lost if on the evidence he is convicted of a crime of an inferior grade of which it would not have jurisdiction originally. *Collins v. Robbins, supra* at 169, 84 A.2d at 539.

Thus the Maine court concluded that it was not improper for a superior court to accept a juvenile's plea of guilty of manslaughter to an indictment charging murder, where at the time the superior court had exclusive original jurisdiction of murder and lesser included offenses but the municipal court had exclusive original jurisdiction of manslaughter if commit-

ted by a person under the age of 17. Where the evidence adduced subsequently fails to sustain the indictment to the full extent and where the statutes do not clearly provide for remand to a juvenile court, a court of general criminal jurisdiction is not ousted of jurisdiction over the case.

Applying this principle to the instant case, we find that where the statutes do not clearly mandate remand to the district court, the withdrawal of the plea of not guilty to a misdemeanor charge subsequent to an initial plea of not guilty and a demand for jury trial does not divest the circuit court of its continuing jurisdiction of the case. Thus the circuit court properly accepted the plea of *nolo contendere* and imposed sentence in this case.

Affirmed.

*Steven H. Levinson* for defendant-appellant.

*Larry L. Zenker,* Deputy Prosecuting Attorney, for plaintiff-appellee.