788 P.2d 1178

James **PRITCHARD** and Antoinette Pritchard, husband and wife, Plaintiffs/Appellants,

v.

**STATE** of Arizona, a body politic; Dennis Hunt, individually and as an employee of the Arizona Department of Corrections, and Louanne Hunt, his wife, Defendants/Appellees.

No. CV–89–0227–PR.

Supreme Court of Arizona, En Banc.

March 5, 1990.

Bosco & DiMatteo, P.C. by Carm R. Moehle and Nicholas E. Vakula, Phoenix, for plaintiffs/appellants.

Robert K. Corbin, Atty. Gen. by Judith Elaine Abramsohn, Asst. Atty. Gen., Phoenix, for defendants/appellees.

Morrison and Morrison by Robert Morrison, Sierra Vista, for amici curiae Lloyd C. and L.A. Taffy Hill and United Services Auto. Ass'n.

MOELLER, Justice.

## JURISDICTION

Plaintiff was shot and seriously wounded during an armed burglary at plaintiff's home. He filed an action against the state alleging that the state was liable to him by reason of negligent supervision of the burglar, who was on parole. The state moved to dismiss on various grounds. The trial court granted the motion to dismiss and a divided court of appeals affirmed on the ground that plaintiff had failed to file a claim against the state within the twelve-month period prescribed by A.R.S. § 12–821. We granted review pursuant to Rule 23, Ariz.R.Civ.App.P., 17B A.R.S. and have jurisdiction pursuant to Ariz. Const. art 6, § 5(3).

## ISSUES

We are presented with two issues:

1. Whether filing a claim with the state pursuant to A.R.S. § 12–821 is a jurisdictional prerequisite to filing a suit against the state.

2. Whether a factual determination of excusable neglect or incompetence under A.R.S. § 12–821 is a matter for the court or the jury.

## FACTS AND PROCEDURAL HISTORY

On the morning of January 11, 1985, Dennis Paul Eddy, also known as Bobby L. Beason, committed a burglary at the residence of the plaintiff, James Pritchard. In the course of that burglary, Eddy shot plaintiff in the stomach. At the time, Eddy was in parole custody of the Arizona Department of Corrections.

Following his gunshot wound, plaintiff underwent three surgeries and extensive hospital and home care. He is still undergoing medical treatment and incurring expenses from wound complications. His medical expenses are estimated at $50,000 and continue to rise. According to psychologist Dr. Terry Scritchlow, plaintiff also suffers from acute post-traumatic stress disorder as a result of the shooting.

In May 1986, plaintiff participated in the prosecution of his assailant in Coconino County Superior Court. Eddy was sentenced to prison for armed burglary and aggravated assault. After sentencing, plaintiff discussed his medical bills and other problems with prosecuting attorney Fred Newton. Newton suggested that plaintiff might have a cause of action against the state for his injuries and damages. On December 12, 1986, plaintiff and his wife consulted an attorney regarding a civil claim against the state. Four days later, a claim was delivered to the attorney general. On January 9, 1987, the last day before the expiration of the statute of limitations, plaintiffs filed a complaint in superior court alleging that defendants failed to properly supervise parolee Eddy or to revoke his parole and incarcerate him.[1]

The state filed a motion to dismiss based on both Rule 12(b)(1) (lack of subject matter jurisdiction) and Rule 12(b)(6) (failure to state a claim). The state argued that plaintiff's claim was not timely because it was not presented within the twelve months after the cause of action accrued as specified by A.R.S. § 12–821. The state also argued that plaintiff failed to state a sum certain in his complaint and that the complaint was premature because the state had not denied the claim prior to the filing of the suit.

In response to the timeliness aspect of the motion to dismiss, plaintiff contended that he was incompetent within the meaning of § 12–821(B) until sometime in 1986, thus making timely the filing of his claim

---

1. Plaintiffs withheld service for nearly four months to allow the state to investigate the matter. Service of process was effected on the defendant State of Arizona and the Arizona Board of Pardons and Paroles in April 1987.

in December 1986. In the alternative, he argued that his failure to file was excusable neglect under the circumstances.

In support of his position, plaintiff submitted four affidavits to the trial court. Prosecutor Newton's affidavit described the emotional and physical problems that plaintiff encountered at the trial of his assailant in 1986. In his affidavit, Dr. Scritchlow, plaintiff's psychologist in 1985, expressed dismay at plaintiff's emotional progress as of May 27, 1987. Dr. Scritchlow further stated that plaintiff was totally disabled from conducting his own affairs from the time he was shot in January 1985 until the early part of November 1985. In early November 1985, Dr. Scritchlow noted that plaintiff "began to regain his decision making abilities." Affidavits from Mr. and Mrs. Pritchard stated that plaintiff was still avoiding thinking about the shooting incident, and that they were still incurring medical expenses. The affidavits also noted that the Pritchards never considered compensation for their injuries until advised of the possibility by prosecuting attorney Newton.

The trial court granted the state's motion to dismiss without an evidentiary hearing and without explanation. On review, the majority of the court of appeals held first that, under A.R.S. § 12–821(A), filing a timely claim with the state is a jurisdictional prerequisite to filing a complaint. *Pritchard v. State of Arizona,* 161 Ariz. 450, 452, 778 P.2d 1346, 1348 (App.1989). The majority then held that any factual dispute concerning the trial court's subject matter jurisdiction was a question to be resolved by the court alone, rather than the jury. *Id.* at 452, 778 P.2d at 1348. The court of appeals recognized that the facts were disputed and that no evidentiary hearing had been held. *Id.* Concluding that plaintiff had waived an evidentiary hearing on defendant's motion to dismiss by not requesting one, the court proceeded to an analysis of the affidavits plaintiff had submitted. *Id.* at 453, 778 P.2d at 1349. The court concluded that because the factual issue was one for resolution by the judge and not the jury, the issue on appeal was whether reasonable evidence supported the

trial court's determination that it lacked jurisdiction because of a failure to comply with A.R.S. § 12–821. *Id.* at 451–52, 778 P.2d at 1347–48. The majority concluded that the evidence would support a finding that plaintiff's neglect to file a timely claim was not excusable and that plaintiff's disability ceased in the early part of November 1985, more than one year prior to the complaint's filing. *Id.* at 453, 778 P.2d at 1349. Consequently, the majority affirmed the trial court's dismissal based upon a presumed finding of untimeliness. *Id.* Therefore, it did not reach the issues of the lack of sum certain in the plaintiff's claim or the alleged lack of the state's disallowance of plaintiff's claim before filing.

In his dissent, Judge Fidel disagreed with the majority's conclusion that a timely claim filed against the state is a jurisdictional prerequisite to filing a complaint. *Id.* at 455, 778 P.2d at 1351 (Fidel, J., dissenting). Judge Fidel also asserted that the trial court could not properly have concluded that Pritchard's disability ceased by November 1985. *Id.* at 455–56, 778 P.2d at 1351–52. The dissent deemed "Pritchard's participation in the prosecution of Eddy an excuse for neglect of his own interests as a matter of law." *Id.* at 456, 778 P.2d at 1352. Because plaintiff's affidavit evidence was uncontroverted by the state, the dissent would have found that plaintiff's claim was timely as a matter of law. *Id.*

We hold that the court of appeals erred in concluding that the disputed facts presented a jurisdictional issue for resolution by the court alone.

## DISCUSSION

Plaintiff, relying on our decision in *Bonner v. Minico, Inc.,* 159 Ariz. 246, 766 P.2d 598 (1988), first argues that whether his failure to file a timely claim is due to excusable neglect or incompetence should be a matter for a jury and not a judge. Although we agree the issue is one for a jury unless a jury is waived, plaintiff's reliance on *Minico* is misplaced. In *Minico* we held that when the determination of a trial court's jurisdiction necessarily in-

volves the determination of disputed facts, which facts are intertwined with the merits of the case, the resolution of the disputed fact issues is for the jury. *Id.* at 256, 766 P.2d at 608. However, we conclude that *Minico* is not relevant here because we hold that § 12–821 is not jurisdictional.

After examining the language of § 12–821, the legislative policy underlying the statute, and prior precedent on the matter, we conclude that filing a claim with the state pursuant to A.R.S. § 12–821 goes to the plaintiff's right to recover rather than to the power of the court to grant relief. We hold that filing a timely claim is not a jurisdictional prerequisite to bringing suit, but is a requirement more analogous to a statute of limitations. Because compliance with § 12–821 is not jurisdictional, issues of excusable neglect or incompetence under the statute are to be resolved like any other disputed issue of fact in the case.

Subject matter jurisdiction is the court's fundamental power to grant relief in a pending case. *Collins v. Robbins,* 147 Me. 163, 168, 84 A.2d 536, 538 (1951). Ariz. Const. art. 6, § 14, provides that "[t]he superior court shall have original jurisdiction of: 1. Cases and proceedings in which exclusive jurisdiction is not vested by law in another court." Because the superior court is a court of general jurisdiction, a presumption exists in favor of retention of jurisdiction, and a divestiture of jurisdiction cannot be inferred but must be clearly and unambiguously found. *See Dockery v. Central Arizona Light & Power Co.,* 45 Ariz. 434, 443, 45 P.2d 656, 659 (1935); *Varnes v. White,* 40 Ariz. 427, 431, 12 P.2d 870, 871 (1932); *State v. Villados,* 55 Haw. 394, 520 P.2d 427, 430 (1974); *Paley v. Coca Cola Co.,* 389 Mich. 583, 593, 209 N.W.2d 232, 235–36 (1973). Nothing in

§ 12–821 persuades us that it should act to divest a superior court from its general power to adjudicate cases arising under the common laws.

The rule of sovereign immunity was first judicially adopted in Arizona in *State v. Sharp,* 21 Ariz. 424, 189 P. 631 (1920). Without any real explanation we held that "the state, in consequence of its sovereignty, is immune from prosecution in the courts and from liability to respond in damages for negligence, except in those cases where it has expressly waived or assumed liability by constitutional or legislative enactment." *Id.* at 426, 189 P. at 632. Since then, the rule of sovereign immunity has come under severe criticism in Arizona and in other jurisdictions.[2] *See Hernandez v. County of Yuma,* 91 Ariz. 35, 36, 369 P.2d 271, 272 (1962); Recent Decisions, *Governmental Tort Immunity Revisited: Ryan v. State,* 25 Ariz.L.Rev. 1081 (1983). In *Stone v. Arizona Highway Commission,* 93 Ariz. 384, 381 P.2d 107 (1963), we discarded the doctrine of sovereign immunity, noting:

> There is perhaps no doctrine more firmly established than the principle that liability follows tortious wrongdoing; that where negligence is the proximate cause of injury, the rule is liability and immunity is the exception ...

93 Ariz. at 392, 381 P.2d at 112. In *Stone* we also emphasized that sovereign immunity is a doctrine judicially created and could be judicially abrogated. *Id.* at 393, 381 P.2d at 113.

Subsequently, we limited the scope of *Stone* in *Massengill v. Yuma County,* 104 Ariz. 518, 456 P.2d 376 (1969), by invoking the public duty doctrine. However, in an *en banc* decision in *Ryan v. State,* 134 Ariz. 308, 656 P.2d 597 (1982), we overruled

---

**2.** *See Molitor v. Kaneland Community Unit District No. 302,* 18 Ill.2d 11, 25, 163 N.E.2d 89, 96 (1959), *cert. denied,* 362 U.S. 968. 80 S.Ct. 955, 4 L.Ed.2d 900 (1960), which says the rule is "unjust, unsupported by any valid reason, and has no rightful place in modern day society." *Molitor* was superseded by statute which reinstated public official immunity. *See Oppe v. State of Missouri,* 171 Ill.App.3d 491, 121 Ill.Dec. 882, 525 N.E.2d 1189 (1988). *See also Rule of Mu-* *nicipal Immunity from Liability for Acts in Performance of Governmental Functions as Applicable in Case of Personal Injury or Death as Result of a Nuisance,* 75 A.L.R. 1196, 1196 (1931), for an often quoted statement that "[t]he whole doctrine of governmental immunity from liability rests upon a rotten foundation" because of its origins in the absolutist maxim that "the king can do no wrong."

*Massengill* and returned to the basic principles of tort liability in sovereign immunity cases. We stated in *Ryan:*

> Employing the spirit of the *Stone* decision, we propose to endorse the use of governmental immunity as a defense only when its application is necessary to avoid a severe hampering of a governmental function or thwarting of established public policy. Otherwise, the state and its agents will be subject to the same tort law as private citizens.

134 Ariz. at 311, 656 P.2d at 600. Significantly, in *Ryan*, we invited the legislature to intervene and help develop this area, 134 Ariz. at 310, 656 P.2d at 599, and the legislature responded to our invitation by enacting Senate Bill 1225, now codified at A.R.S. § 12–821. S. 1225, 36th Leg., 2d Sess. (1984); *see also* Note, *A Separation of Powers Analysis of the Absolute Immunity of Public Entities,* 28 Ariz.L.Rev. 49, 50–51 (1986).

In 1984, the Arizona Legislature enacted title 12, chapter 7, article 2 of the Arizona Revised Statutes, regulating tort actions against public entities and public employees in the state of Arizona. A.R.S. § 12–821, as amended, provides in pertinent part:

> **§ 12–821. Authorization of claim against public entity or public employee; definition**
>
> A. Persons who have claims against a public entity or public employee shall file such claims in the same manner as that prescribed in the Arizona Rules of Civil Procedure, Rule 4(D) within twelve months after the cause of action accrues. Any claim which is not filed within twelve months after the cause of action accrues is barred and no action may be maintained except upon a showing of excusable neglect if the action is brought within the otherwise applicable period of limitations, provided that if there is no excusable neglect, and if the absence of excusable neglect is because of the con-

duct of the claimant's attorney, then the action shall proceed, and the public entity and public employee shall have a right of indemnity against the claimant's attorney for any liability assessed in the action.

> B. Notwithstanding subsection A, a minor or an insane or incompetent person may file a claim within twelve months after the disability ceases.[3]

The 1984 amendments to § 12–821 did not constitute a new grant of power to the courts over governmental torts; nor did the amendments abrogate the common law rules of tort liability announced in *Ryan.* The statement of legislative purpose and intent provides:

> "[I]t is hereby declared to be the public policy of this state that public entities are liable for acts and omissions of employees in accordance with the statutes and *common law of this state.* All of the provisions of this act should be construed with a view to carry out the above legislative purpose."

Laws 1984, Ch. 285, § 1(A) (emphasis added).

The legislature specifically rejected proposals that would have deleted the reference to common law and would have provided that governmental entities "shall be liable ... within the limitations of this act and in accordance with the fair and uniform principles established in this act." S. 1225, 36th Leg., 2d Sess (1984) (earlier Senate version at 2). *See also Report of the Governor's Commission on Governmental Tort Liability* (submitted to the Governor on December 16, 1983); Note, 28 Ariz. L.Rev. at 52. Accordingly, the right to sue the state is not a statutory grant, as is the case in several other states; rather, it is a common law rule in Arizona that the government is liable for its tortious conduct and immunity is the exception. *Ryan,* 134 Ariz. at 309, 656 P.2d at 598; *Stone,* 93 Ariz. at 392, 381 P.2d at 112.

---

3. The predecessor to this section provided:
   **§ 12–821. Authorization of claim against state on tort or contract claim:**
   Persons having claims on contract or for negligence against the state, which have been disal-

lowed, may on the terms and conditions set forth in this article, bring action thereon against the state and prosecute the action to final judgment.

The purpose of the original claims statute was to provide notice to the state of claims against it, to permit the possibility of settlement prior to litigation, and to assist in the budgeting process. *State v. Brooks*, 23 Ariz.App. 463, 466, 534 P.2d 271, 274 (1975). One of the objectives of the 1984 revision was to expand the reach of the claims statutes to all political subdivisions, *City of Tucson v. Fleischman*, 152 Ariz. 269, 272, 731 P.2d 634, 637 (App. 1986), and to set the general rule that public entities are liable for their torts. *Johnson v. Superior Court*, 158 Ariz. 507, 510, 763 P.2d 1382, 1385 (App.1988) (Fernandez, J., dissenting). Under the present statute, "the only situation [of untimely notice] in which an action may be dismissed is where the court finds first, that the failure to timely file the notice was due to conduct of the claimant and second, that his conduct was not 'excusable.' In all other cases, 'the action shall proceed.'" *Fleischman*, 152 Ariz. at 272, 731 P.2d at 637.

The state argues that prior precedent clearly establishes that § 12–821 is jurisdictional. The state, however, bases its argument on several pre–1984 cases, which hold that filing a claim with the state is a jurisdictional prerequisite. *See, e.g., Dassinger v. Oden*, 124 Ariz. 551, 606 P.2d 41 (App. 1979); *Brooks*, 23 Ariz.App. 463, 534 P.2d 271; *State v. Williams*, 12 Ariz.App. 498, 472 P.2d 109 (1970). Nevertheless, these cases do not justify their holdings in light of the statute's purposes and policies. This court has never explicitly held that § 12–821 is jurisdictional. In *State v. Stone*, 104 Ariz. 339, 452 P.2d 513 (1969), we implied, without deciding, that filing a claim for damages is a jurisdictional prerequisite to maintaining a suit against the state for negligence. The state cites our case of *Grimm v. Arizona Board of Par-*

*dons & Paroles*, 115 Ariz. 260, 564 P.2d 1227 (1977), as dispositive of this issue. Nonetheless, *Grimm* did not discuss the jurisdictional issue at all and the jurisdiction of the trial court was not an issue in the case. *See Mammo v. State*, 138 Ariz. 528, 531, 675 P.2d 1347, 1350 (App.1983).

The requirement of filing a claim with the state is mandatory and an essential requisite to plaintiff's cause of action. Nonetheless, the time element with respect to filing is essentially procedural in nature. *See Ames v. State*, 143 Ariz. 548, 694 P.2d 836 (App.1985) (failure of plaintiff to allege compliance with statutory notice requirements is not a jurisdictional defect that could be raised by the state for the first time on appeal). *See also Farrell v. Placer County*, 23 Cal.2d 624, 145 P.2d 570 (1944); *Redlands High School Dist. v. Superior Court*, 20 Cal.2d 348, 125 P.2d 490 (1942). Like a statute of limitations, this procedural requirement is subject to waiver, estoppel and equitable tolling. *Rand v. Andreatta*, 60 Cal.2d 846, 36 Cal.Rptr. 846, 389 P.2d 382 (1964) (estoppel); *Dettamanti v. Lompoc Union School District*, 143 Cal. App.2d 715, 300 P.2d 78 (1956) (estoppel); *Florida Medical Center v. Dept. of Health and Rehabilitative Services*, 511 So.2d 677 (Fla. Dist. Ct.App.1987) (waiver); *see Gordon v. National Youth Work Alliance*, 675 F.2d 356, 360 (D.C.Cir.1982).[4]

■ Statutes of limitations generally create affirmative defenses. The proper method for raising a defense of limitation is a motion to dismiss under Rule 12(b)(6), for failure to state a claim, not a motion under Rule 12(b)(1), for lack of subject matter jurisdiction. *See* 2A. *Moore's Federal Practice,* ¶ 12.07 at 12–45–12–54, 12–63–12–72 (2d ed. 1989). A court should not grant a motion to dismiss for failure to state a claim unless it appears certain that

---

**4.** Several other jurisdictions have concluded that their claim statutes are not jurisdictional and, like a statute of limitations, are subject to waiver or estoppel. *See Fredrichsen v. City of Lakewood*, 6 Cal.3d 353, 99 Cal.Rptr. 13, 491 P.2d 805 (1971); *Rabinowitz v. Town of Bay Harbor Islands*, 178 So.2d 9 (Fla.1965); *Bryant v. Duval Hosp. Authority*, 502 So.2d 459 (Fla. Dist.Ct.App.1986); *Gordy Construction Co. v.*

*KHM Development Co.*, 128 Ga.App. 648, 197 S.E.2d 426 (1973); *Dunbar v. Reiser*, 26 Ill. App.3d 708, 325 N.E.2d 440 (1975) *aff'd,* 64 Ill.2d 230, 1 Ill.Dec. 89, 356 N.E.2d 89 (1976); *LaBriola v. Southeastern Pennsylvania Transp. Authority*, 227 Pa.Super. 305, 323 A.2d 9 (1974); *Hill v. Board of Ed. of Middletown*, 183 N.J.Super. 36, 443 A.2d 225 (1982).

the plaintiff would not be entitled to relief under any state of facts susceptible of proof under the claim stated. *Folk v. City of Phoenix,* 27 Ariz.App. 146, 551 P.2d 595 (1976). On a Rule 12(b)(6) motion, when matters outside the pleadings are presented to and not excluded by the court, the motion is to be treated as one for summary judgment and disposed of as provided in Rule 56. Rule 12(b), Ariz.R.Civ.Pro., 16 A.R.S.; *Gatecliff v. Great Republic Life Ins.,* 154 Ariz. 502, 744 P.2d 29 (App.1987).

■ Summary judgment is properly granted only when no genuine dispute exists as to a material fact, only one inference can be drawn from the undisputed material facts, and the moving party is entitled to judgment as a matter of law. Rule 56, Ariz.R.Civ.Pro., 16 A.R.S.; *City of Phoenix v. Great Western Bank & Trust,* 148 Ariz. 53, 61, 712 P.2d 966, 974 (App. 1985). In reviewing summary judgment, we must view the evidence most favorable to the party against whom summary judgment was entered and give the appellant the benefit of all reasonable inferences to be drawn from the record. *Id.* In the case before us, as the court of appeals recognized, disputed issues of fact exist regarding whether plaintiff's negligence was excused and whether plaintiff was incompetent within the statutory meaning. Because we hold that § 12–821 is not jurisdictional but is analogous to a statute of limitations, disputed issues of fact must be resolved by the jury, not the trial court. Like reasonable diligence in the context of tolling a statute of limitations, excusable neglect often presents material issues of fact not cognizable on a motion to dismiss. *See Anson v. American Motors Corp.,* 155 Ariz. 420, 747 P.2d 581 (App.1987).

The dissent in the court of appeals would have found excusable neglect to exist, as a matter of law, in this case. In the dissenter's view, plaintiff "looked *to the state* and its criminal process for vindication." *Pritchard,* 161 Ariz. at 456, 778 P.2d at 1352 (emphasis in original) The dissent argues that it is unconscionable to expect plaintiff to "simultaneously explore civil recourse *against the state*" and at the

same time actively, and at great personal expense, assist the state in prosecuting Eddy. *Id.* at 456, 778 P.2d at 1352 (emphasis in original).

■ However, we do not think it advisable to hold that the claims period is tolled every time a victim assists a state in prosecuting a case. Rather, the victim's assistance may be a factor in the totality of circumstances that the finder of fact may consider in determining whether excusable neglect exists. We agree with the majority of the court of appeals that this case presents factual issues with respect to plaintiff's diligence and competence.

■ Finally, we note that the state has waived its contentions that the complaint was defective for failing to state a sum certain or for being filed before the state had properly disallowed the claim. Effective August 1, 1989, Rule 23(e), Ariz.R. of Civ.App.P., requires respondent to list separately and without argument those issues that were presented to, but not decided by, the court of appeals in order to preserve those issues on review. However, the new rule does not apply in this case because the petition for review was filed on June 15, 1989. Therefore, respondent's undecided claims are governed by the law expounded before August 1, 1989, in *State v. Ikirt,* 160 Ariz. 113, 770 P.2d 1159 (1989). In *Ikirt,* we held that a respondent must file a cross-petition for review to request this court's consideration of issues left undecided by the court of appeals. Because the state here has failed to cross-petition, it has waived its above-mentioned defenses.

## CONCLUSION

The claims statute, A.R.S. § 12–821(A) is not jurisdictional. Therefore, the trial court could not properly dismiss the case for lack of subject matter jurisdiction under Rule 12(b)(1). To the extent the motion was founded on Rule 12(b)(6) (failure to state a claim), it became a motion for summary judgment once materials outside the pleadings were considered. Summary judgment was not appropriate because material issues of fact exist as to plaintiff's

competence and excusable neglect. Such issues of fact are matters properly left to the jury, and could not be resolved by the trial judge.

The trial court judgment of dismissal is reversed, the opinion of the court of appeals is vacated, and the case is remanded to the trial court for further proceedings consistent with this opinion.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and CORCORAN, JJ., concur.