Antonini's remaining contentions are unpersuasive.

**AFFIRMED.**

Virgil **LANGLEY**, Plaintiff–Appellant,

v.

State of **ARIZONA; et al.,**
**Defendants–Appellees.**

No. 03–16640.

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 2005.*

Decided April 4, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Virgil Langley, Henderson, NV, pro se.

Carrie J. Brennan, DAG, Office of the Arizona Attorney General, Phoenix, AZ, for Defendants–Appellees.

Before: B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM **

Virgil Langley appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action against several Arizona state court judges. We have jurisdic-

tion pursuant to 28 U.S.C. § 1291. We review de novo the determination of judicial immunity, dismissal based on the Eleventh Amendment, and dismissal for failure to state a claim. *See Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922–23 (9th Cir.2004); *Cardenas v. Anzai,* 311 F.3d 929, 934 (9th Cir.2002); *McGary v. City of Portland,* 386 F.3d 1259, 1261 (9th Cir. 2004). We may affirm on any grounds supported by the record. *See Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.,* 159 F.3d 412, 418 (9th Cir.1998).

■ The district court properly dismissed Langley's claims against the presiding state court judges because a state judge is entitled to immunity for judicial actions taken within his jurisdiction. *See Olsen,* 363 F.3d at 922–23.

The district court properly dismissed Langley's claims against the State of Arizona because those claims are barred by the Eleventh Amendment and there was no waiver of sovereign immunity. *See Hill v. Blind Indus. & Servs.,* 179 F.3d 754, 758 (9th Cir.1999), *amended by* 201 F.3d 1186 (9th Cir.1999).

■ The district court was without jurisdiction to review Langley's contention that the state judges used the wrong standard of review while adjudicating the contractual dispute underlying this appeal because such an examination is "inextricably intertwined" with the state courts' judgments. *See Bianchi v. Rylaarsdam,* 334 F.3d 895, 900 (9th Cir.2003).

■ The district court also properly dismissed Langley's section 1983 claims against the state and its judges because the individual defendants were all acting in their official capacities and were therefore not 'persons' chargeable under section

1983. *See Will. v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

 Because Langley did not comply with the state's Notice of Claim Act, the district court properly dismissed all state law causes of action against the defendants. *See Pritchard v. State,* 163 Ariz. 427, 788 P.2d 1178, 1183 (1990).

Langley's remaining contentions are unpersuasive.

AFFIRMED.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.