**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000027
20-SEP-2022
08:46 AM
Dkt. 78 MO**

NO. CAAP-21-0000027

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

KIEU MEYER; STEPHEN MEYER;
KIEU MEYER on behalf of a Minor, Petitioners-Appellees, v.
MARY BASCO; JAMES BASCO, Respondents-Appellants.

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DSS-20-0000144)

MEMORANDUM OPINION
(By:  Ginoza, Chief Judge, Nakasone and McCullen, JJ.)

Respondents-Appellants Mary and James Basco

(**collectively, Bascos**) appeal from the District Court of the

Second Circuit's January 11, 2021 Order Granting Petition for

Injunction Against Harassment and February 8, 2021 Order

Regarding Attorneys' Fees and Costs.[1]

On appeal, the Bascos challenge the district court's

jurisdiction.  Relying on Hawaiʻi Revised Statutes (**HRS**) § 604-

10.5(g) (2016), the Bascos assert that the temporary restraining

---

[1] The Honorable Blaine J. Kobayashi presided.

order in this case expired on August 30, 2020 and, thus, the district court "lacked jurisdiction to enter the Order Granting Petition for Injunction Against Harassment on January 11, 2021" and to award attorneys' fees and costs.  We affirm.[2]

On June 1, 2020, the Petitioners-Appellees Kieu Meyer, Stephen Meyer, and Kieu Meyer on behalf of a minor (**collectively, Meyers**) petitioned the district court for, inter alia, (1) "[a]n ex parte temporary restraining order not to exceed a period of ninety (90) days . . ." and (2) "[a]n order of an Injunction not to exceed a period of three (3) years . . . ."  That same day, the district court granted the temporary restraining order against the Bascos "for fifteen (15) days, unless extended or terminated by the Court."

The district court held a hearing on the Meyer's petition for injunction on June 15, 2020.  However, due to the contested nature of this case, further hearings were necessary, and were held on July 6, 2020, August 17, 2020, September 28, 2020, December 7, 2020, and January 11, 2021.  Each order for continuance also ordered that the June 1, 2020 temporary restraining order shall remain in effect.

---

[2]  The Bascos do not challenge extensions to the temporary restraining order by the district court except to the extent it affected the district court's jurisdiction to issue the injunction against harassment on January 11, 2021, and to award fees and costs.  Given our analysis below, we need not address whether the temporary restraining order expired on August 30, 2020 (*i.e.*, after 90 days) or whether orders related to the COVID-19 pandemic extended the statutory time period.

On December 28, 2020, after five hearings on the injunction petition, the Bascos filed a motion to dismiss asserting the district court no longer had jurisdiction to proceed because more than ninety days had passed since the issuance of the temporary restraining order. The district court denied the motion to dismiss and granted the request to enjoin harassment on January 11, 2021.

The Bascos' points of error on appeal require an interpretation of HRS § 604-10.5 (2016) to determine whether the alleged expiration of a temporary restraining order divests the district court of jurisdiction over a petition to enjoin. We review questions of statutory interpretation and subject matter jurisdiction *de novo*. See Bhakta v. Cnty. of Maui, 109 Hawaiʻi 198, 208, 124 P.3d 943, 953 (2005); Lingle v. Hawaiʻi Gov't Emps. Ass'n, AFSCME, Local 152, AFL-CIO, 107 Hawaiʻi 178, 183, 111 P.3d 587, 592 (2005).

"[D]istrict courts shall have the power to enjoin, prohibit, or temporarily restrain harassment" and "[a]ny person who has been subjected to harassment may petition the district court of the district in which the petitioner resides for a temporary restraining order and an injunction from further harassment." HRS § 604-10.5(b), (c).

"Upon petition to a district court under this section, the court may temporarily restrain the person or persons named in the petition from harassing the petitioner upon a

determination that there is probable cause to believe that a past act or acts of harassment have occurred . . . ." HRS § 604-10.5(f). That temporary restraining order, however, "shall remain in effect at the discretion of the court for a period not to exceed ninety days from the date the order is granted." HRS § 604-10.5(g).

Once a petition for a temporary restraining order is granted, a hearing must then be held on the petition to enjoin within fifteen days or as set forth below:

> A hearing on the petition to enjoin harassment shall be held within fifteen days after the temporary restraining order is granted. If service of the temporary restraining order has not been effected before the date of the hearing on the petition to enjoin, the court may set a new date for the hearing; provided that the new date shall not exceed ninety days from the date the temporary restraining order was granted.

HRS § 604-10.5(g). "The parties named in the petition may file or give oral responses explaining, excusing, justifying, or denying the alleged act or acts of harassment." HRS § 604-10.5(g).

Regarding the petition to enjoin, should the district court find by clear and convincing evidence harassment of "[p]hysical harm, bodily injury, assault, or the threat of imminent physical harm, bodily injury, or assault," "it *may* enjoin for no more than three years further harassment of the petitioner[.]" HRS § 604-10.5(a), (g) (emphasis added). Should the district court find by clear and convincing evidence harassment of "[a]n intentional or knowing course of conduct

4

directed at an individual that seriously alarms or disturbs consistently or continually bothers the individual and serves no legitimate purpose; provided that such course of conduct would cause a reasonable person to suffer emotional distress[,]" "it *shall* enjoin for no more than three years further harassment of the petitioner[.]"  HRS § 604-10.5(a), (g) (emphasis added).

Restated, a petitioner makes two separate requests to the district court–a request for a temporary restraining order and a request to enjoin harassment (*i.e.*, order for injunction). See HRS § 604-10.5(g).  The petition for a temporary restraining order may be granted on a finding of probable cause, and has a statutory time limit of ninety days.  HRS § 604-10.5(f), (g).

For the petition to enjoin harassment, the district court must hold a hearing within fifteen days of granting the temporary restraining order, or within the time set forth in HRS § 604-10.5(g).  Should the district court find harassment by clear and convincing evidence, it may or shall issue an order granting the petition to enjoin depending on the nature of the harassment.  HRS § 604-10.5(g).  That order has a statutory time limit of three years.  HRS § 604-10.5(g).

HRS § 604-10.5(g), however, does not require that the district court decide the petition to enjoin harassment within ninety days of granting the temporary restraining order.  See Ling v. Yokoyama, 91 Hawaiʻi 131, 134, 980 P.2d 1005, 1008 (App. 1999) (holding that with respect to the requirement that a

5

hearing be held within fifteen days, "the term 'held' suggests that the parties must, at the least, convene or meet in a hearing on the merits within the allotted time").

Moreover, HRS § 604-10.5(g) does not have any language that indicates that the district court is divested of jurisdiction over the petition to enjoin harassment after a temporary restraining order expires. See State v. Villados, 55 Haw. 394, 397, 520 P.2d 427, 430 (1974) ("Because the divestiture of jurisdiction is a serious matter, before a party can claim that an act or statute has the effect of divesting jurisdiction which has regularly and fully vested, the law in favor of such divestment must be clear and unambiguous.")

It appears that the purpose of the temporary restraining order is to protect the parties from imminent harm by providing a period of separation while the district court hears from the parties and decides whether to grant the petition to enjoin harassment. See Hamilton ex rel. Lethem v. Lethem, 126 Hawaiʻi 294, 305, 270 P.3d 1024, 1035 (2012) (discussing the purpose of HRS chapter 586 temporary restraining orders as to "provide emergency relief from imminent harm by assuring a period of separation for the parties involved").

In sum, the petition for a temporary restraining order and the petition to enjoin are related, and are part of a two-step process. See HRS § 604-10.5(g). Each petition, however, is a distinct legal vehicle for relief with different standards

6

of proof.  See HRS § 604-10.5(f), (g).  Thus, the district court's jurisdiction over a petition to enjoin does not hinge on the status of the temporary restraining order.

Finally, because the district court had jurisdiction over the petition to enjoin harassment, the district court also had jurisdiction over attorneys' fees and costs pursuant to HRS § 604-10.5(h), which provides that "[t]he court may grant the prevailing party in an action brought under this section costs and fees, including attorney's fees."

Based on the foregoing, we affirm the district court's January 11, 2021 Order Granting Petition for Injunction Against Harassment and February 8, 2021 Order Regarding Attorneys' Fees and Costs.

DATED:  Honolulu, Hawai'i, September 20, 2022.

| On the briefs: | /s/ Lisa M. Ginoza |
| | Chief Judge |
| Hayden Aluli, | |
| for Respondents-Appellants. | /s/ Karen T. Nakasone |
| | Associate Judge |
| Joy M. Yanagida, | |
| for Petitioners-Appellees. | /s/ Sonja M.P. McCullen |
| | Associate Judge |