M. FRANK SHERMAN and MILDRED M. SHERMAN; PAUL S. COLLIER and DEE ANNA L. COLLIER, Plaintiffs-Appellants, *v.* STEPHEN SAWYER and HARRIET SAWYER, aka HARRIET BOUSLOG; DAVID THOMPSON and MITSUI THOMPSON; PAUL PINSKY and SARA PINSKY; BERNARD BERKOV and BETH BERKOV, Defendants-Appellees

NO. 6492

DECEMBER 26, 1980

RICHARDSON, C.J., OGATA, MENOR, LUM, JJ., AND CIRCUIT JUDGE CHUN IN PLACE OF NAKAMURA, J., DISQUALIFIED

OPINION OF THE COURT BY OGATA, J.

Plaintiffs-appellants, M. Frank and Mildred Sherman, and Paul and Dee Anna Collier (hereinafter appellants) appeal an order by the circuit court granting defendants-appellees' motion to dismiss. Defendants-appellees (hereinafter appellees) are Stephen and Harriet Sawyer, David and Mitsui Thompson, Paul and Sara Pinsky, and Bernard and Beth Berkov.

Appellants lived in an apartment complex known as the Dynasty Apartments located at 2442 Tusitala Street, Honolulu. Appellees are the owners of this complex. When appellants assumed tenancy in January 1976, and November 1975, respectively, each posted a $50.00 security deposit with Gordon Crabtree & Associates, Inc., who had earlier purchased the apartment complex from appellees. In February 1976, Crabtree defaulted on the agreement of sale and appellees repossessed the property. Appellees then sought an accounting of the security deposits contained within the trust funds established by Crabtree.

In May 1976, appellants moved out of the apartment complex, after proper notice was given to the resident manager. However, the security deposits of the appellants were not returned within the time period set forth in HRS § 521-44(c). As of July 1, 1976, appellants' security deposits still had not been returned. After having an attorney make inquiries on their behalf, appellees tendered a return of appellants' security deposit. This tender offer was rejected by appellants.

Subsequently, appellants filed a four count complaint in the First Circuit Court alleging: 1) a wrongful withholding of appellants' security deposit; 2) a breach of contract on the lease for failure to return the security deposit; 3) failure to notify appellants of the change in management pursuant to HRS § 521-43; and 4) an inde-

pendent tort action for infliction of emotional distress.[1]

The trial court granted appellees' motion to dismiss finding that it lacked jurisdiction over all the causes of actions. We need not address any other issues herein except that of the jurisdiction of the circuit court to hear and determine this action. We affirm the lower court's ruling with respect to counts 1 and 2 of the complaint, but reverse as to the ruling on counts 3 and 4.

## I.

The legislature is vested with legislative power by the Hawaii State Constitution, art. III, sec. 1. Legislative power is defined as the power to enact laws and to declare what the law shall be. *Bissen v. Fujii,* 51 Haw. 636, 638, 466 P.2d 429, 431 (1970). Under this grant of authority, the legislature has the power to establish the subject matter jurisdiction of our state court system. The legislature has utilized such power by enacting HRS §§ 603-21.5 and 633-27.

The circuit courts are courts of general jurisdiction. *State v. Villados,* 55 Haw. 394, 397, 520 P.2d 427, 430 (1974). We defined jurisdiction as "the power and authority on the part of the court to hear and judicially determine and dispose of the cause pending before it." *Id.* at 396, 520 P.2d at 430. HRS § 603-21.5 gives the circuit court subject matter jurisdiction over civil actions and pro-

---

[1] The first count alleges that after properly terminating their tenancy in the Dynasty apartments, the appellants had their security deposits wrongfully and wilfully retained by appellees. Thus, appellants sought damages pursuant to HRS § 521-44(h).

The second count alleges that by wilfully and wrongfully retaining appellants' security deposit, that constituted a breach of the contract lease because the Residential Landlord-Tenant Code, HRS § 521, was incorporated as part of the lease. This claim is based on the recovery of appellants' security deposit.

The third count claims that under HRS § 521-43, appellees' failure to provide the names and addresses of the new owners entitled appellants to statutory damages under HRS § 521-67.

The final claim is based in tort. Appellants allege that appellees' actions in wrongfully holding appellants' security deposit resulted in appellants suffering negligent and intentional infliction of emotional distress.

ceedings.[2] Thus, the circuit court has jurisdiction over all civil causes of action unless precluded by the State Constitution or by statute.

In *State ex rel. McClung v. Fukushima*, 53 Haw. 295, 492 P.2d 128 (1972), this Court held that the circuit court had jurisdiction over a defamation action, even in the absence of express statutory provisions conferring jurisdiction over that cause of action to the circuit court. The Court reasoned that the circuit court had jurisdiction based on the broad statutory language in HRS § 603-21.5.

It follows from *McClung* that the circuit court properly has jurisdiction to hear actions in tort and to determine statutory violations in the instant case. We are of the opinion that actions in torts and statutory violations are causes of action over which the circuit court has subject matter jurisdiction based on HRS § 603-21.5. Thus, the circuit court had jurisdiction to hear and dispose of these causes of action.

## II.

The question which we now consider is whether the circuit court has been conferred jurisdiction over causes of action involving security deposits in landlord-tenant relationships.

In 1972, the legislature prescribed that disputes involving security deposits were within the exclusive jurisdiction of the small claims division of the district court. HRS § 633-27 states in relevant part:

(a) All district courts, except as otherwise provided, shall exercise jurisdiction conferred by this chapter, and while sitting in the exercise of that jurisdiction, shall be known and referred to as the small claims division of the district court, provided that the jurisdiction of the court when sitting as a small claims division of the district court shall be confined to:

\* \* \* \* \*

(2) Cases involving disagreements between landlord and

---

[2] HRS § 603-21.5 states in part:
The several circuit courts shall have jurisdiction, except as otherwise expressly provided by statute, of:
\* \* \* \* \*
(3) Civil actions and proceedings. . . .

tenant about the security deposit in a residential landlord-tenant relationship;

*   *   *   *   *

. . . . In cases arising under paragraph (2) *the jurisdiction of the small claims division of the district court shall be exclusive.* (Emphasis added.)

It is well settled that this court is bound by the plain, clear and unambiguous language of the statute unless the literal construction would produce an absurd and unjust result, and would be clearly inconsistent with the purposes and policies of the statute. *State v. Palama,* 62 Haw. 159, 612 P.2d 1168 (1980); *Chun v. Employees Retirement Sys.,* 61 Haw. 596, 607 P.2d 415 (1980); *State v. Sylva,* 61 Haw. 385, 605 P.2d 496 (1980); *In Re Spencer,* 60 Haw. 497, 591 P.2d 611 (1979); *In Re Grayco Land Escrow,* 57 Haw. 436, 559 P.2d 264, *cert. denied,* 433 U.S. 910 (1977); *In Re Palk,* 56 Haw. 492, 542 P.2d 361 (1975); *Univ. of Hawaii v. Leahi Foundation,* 56 Haw. 404, 537 P.2d 1190 (1975); *State v. Park,* 55 Haw. 610, 525 P.2d 586 (1974). HRS § 633-27 must be given effect according to its plain and obvious meaning.

The phrase exclusive jurisdiction as used in statutes has been interpreted in its general and common usage as follows:

Nor can there be any doubt as to the meaning the legislature intended to give to the word exclusive. In its usual and generally accepted sense, as given by lexicographers, and in the ordinary speech of the people, it means, — possessed to the exclusion of others; appertaining to the subject alone, individual, sole; to confer exclusive jurisdiction on one court deprives all other courts of such jurisdiction, whether theretofore exclusive or concurrent, conferred by statute. . . . possessed and enjoyed to the exclusion of others; debarred from participation and enjoyment to any other; nor including, admitting or pertaining to any other; opposed to inclusive: . . . . The word "exclusive" is of Latin derivation — "ex" meaning "out" and "claudere" meaning "to shut." "Exclusive" precludes any idea of co-existence and its usual, ordinary and generally accepted meaning is "sole," "undivided" and "possessed to the exclusion of others." (Citations omitted.)

*Quoting Harris-Walsh v. Borough of Dickson City,* 420 Pa. 259, 270-71, 216 A.2d 329, 334 (1966); *Commonwealth v. Supt. of House of Correc-*

*tions,* 64 Pa. Super. 613, 623 (1916); *See Keller v. Commonwealth,* 594 S.W.2d 589 (Ky. 1980); *Powell v. Walden,* 473 S.W.2d 147 (Ky. App. 1971); Black's Law Dictionary, p. 507 (5th ed. 1979).

The statute provides that the district courts small claims division has exclusive jurisdiction over disputes involving security deposits. Therefore, a tenant or landlord must raise disputes involving security deposits in the small claims division of the district court.[3] To do otherwise would completely ignore the obvious meaning and intent of the statute.

Our position is supported by the legislative history of HRS § 633-27. The House Judiciary Committee Report explains the underlying policy of the statute and that report states:

> The purpose of this bill is to entrust residential landlord-tenant disputes about security deposits to the *exclusive* jurisdiction of the small claims division of our district courts and thereby expedite and lower the costs of settling such disputes. (Emphasis ours.)

\* \* \* \* \*

> It is the intent of your Committee that the effect of this bill as amended is to provide quick, impartial, and inexpensive settlement of a principal area of dispute between residential landlords and tenants.

Standing Com. Report No. 388-72, House Journal 1972, p. 811. It is evident from the committee report that the legislature recognized the need to provide a speedy and inexpensive means to settle disputes involving security deposits. The legislature believed that exclusive jurisdiction by the small claims division over security deposit claims would best serve the interests of justice among the parties.[4]

---

[3] There is nothing in the record to indicate that appellants initially pursued their claims involving security deposits in the small claims division of the district court.

[4] A study published in the Hawaii Bar Journal indicates that 30% of the cases in 1972 and 1973 in the small claims division of the district court were security deposit related. The study's findings revealed that claims were being processed speedily and inexpensively. *See* W. King, *Measuring the Scales: An Empirical Look at the Hawaii Small Claims Court;* 12 Haw. B.J. 3 (1976); R. Muir, *The Hawaii Small Claims Court: An Empirical Study,* 12 Haw. B.J. 19 (1976).

Additionally, the legislature has designated the small claims division of the district court to be the final arbiter of security deposit disputes. HRS § 521-44(g). This statute provides:

> (g) If the landlord and the tenant disagree about the right of the landlord to claim and retain the security deposit or any portion of it, either the landlord or the tenant may commence an action in the small claims division of the district court, as provided in chapter 633 and the rules of court thereunder, to adjudicate the matter.

HRS § 521-44(g) reiterates the legislature's intent to confer upon the small claims division of the district court exclusive jurisdiction over security deposit claims as provided in HRS § 633-27.

Moreover, a literal interpretation of this statute would not produce a result that is absurd, unjust or clearly inconsistent with the intent of the statute. Allowing the small claims division to handle claims that constantly arise is consistent with the legislative intent discussed above.

In our opinion, the circuit court properly ruled that it did not have jurisdiction to hear claims involving security deposits in a residential landlord-tenant dispute because of the exclusive jurisdiction conferred upon the small claims division of the district court.

## III.

Appellants argue that the claims raised in the complaint were properly joined under Rule 18(a), H.R.C.P.,[5] such that the circuit court could hear this matter on the merits even though there was no subject matter jurisdiction over two counts in the complaint.

As we made clear in Part II of this opinion, there was no independent basis for subject matter jurisdiction in the circuit court over counts 1 and 2 of the complaint that deal with appellants' security deposit. HRS § 633-27 makes clear that the small claims division of the district court has exclusive jurisdiction over security deposit

---

[5] Rule 18(a), H.R.C.P., states:

Joinder of Claims. A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third party claim, may join, either as independent or as alternative claims, as many claims, legal or equitable, as he has against an opposing party.

disputes. Thus, the circuit court does not have subject matter jurisdiction over such claims.

The basic policy consideration behind Rule 18(a), H.R.C.P., is to entertain the broadest scope of action, and to strongly encourage the joinder of claims, parties and remedies. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 724 (1966). The result of this policy is to achieve judicial economy in the disposition of claims while at the same time promote convenience and fairness to the litigants.

Appellants attempt to extend to the circuit court subject matter jurisdiction over security deposit claims by joining them under Rule 18(a), H.R.C.P., to other causes of action of which the circuit court has jurisdiction. However, the Rules of Civil Procedure cannot be used to extend the jurisdiction of the circuit court. Rule 82, H.R.C.P.[6] *Maltais v. United States,* 439 F.Supp. 540 (N.D.N.Y. 1977); *Berry v. Michigan Bell Tel.* 319 F.Supp. 401 (E.D. Mich. 1967).

Under appellants' interpretation of Rule 18, H.R.C.P., any litigant could avoid the exclusive jurisdiction of the small claims division of the district court by simply joining the security deposit claim to a claim of which the circuit court has jurisdiction. We believe that such an interpretation was not contemplated by the statute or by the rules of civil procedure. The legislative intent of HRS § 633-27 would be defeated by allowing the circuit court to hear cases where security deposit claims were joined to another. Exclusive jurisdiction over security deposit claims in the small claims division of the district court provides a prompt, efficient and inexpensive way to dispose of these types of claims. These goals would not be effectuated if the claims were joined to a complaint filed in the circuit court.

We hold that the joining of counts 1 and 2 in the complaint was improper under Rule 18(a), H.R.C.P. The joinder of those claims improperly extended the jurisdiction of the circuit court in violation of Rule 82, H.R.C.P.

### IV.

Based on our above discussion, we conclude that the circuit court had jurisdiction to hear counts 3 and 4 of the complaint. We there-

---

[6] Rule 82, H.R.C.P., states:
   These rules shall not be construed to extend or limit the jurisdiction of the circuit courts or the venue of actions therein.

fore reverse that part of the judgment relating to counts 3 and 4, and remand these counts for further proceedings to the circuit court. We affirm the trial court's dismissal of counts 1 and 2 for lack of jurisdiction.[7]

Affirmed in part, reversed in part.

*Stephen P. Pingree* for plaintiffs-appellants.

*Mark Bernstein (Harriet Bouslog* on the brief, *Bouslog & Symonds* of counsel), for defendants-appellees.

---

[7] Since appellants did not initiate their claims originally in the small claims division of the district court, appellants presently do not have any basis to complain of the constitutionality of HRS § 633-27 and 28 with regard to the right to counsel and the right to appeal. Appellants have not been harmed by these provisions. However, appellants are not prohibited from raising any of these claims regarding their security deposit in the small claims division of the district court. Appellants, at that time, can raise their arguments and claims on the right to counsel in that court and the constitutionality of that particular statute.