LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 30259

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WALTER Y.C. CHANG, Individually and as Trustee under that certain unrecorded Trust Agreement of Walter Yin Choy Chang dated August 3, 1982, and SYLVIA S.W. CHANG, Individually and as Trustee under that certain unrecorded Trust Agreement of Sylvia Seu Way Chang, dated August 3, 1982, Plaintiffs-Appellees, v. EADEAN MICHIE BUFFINGTON, Defendant-Appellant/Cross-Appellee, and STEVE MONTGOMERY CROUCH, NAOMI HOKULANI CROUCH, HOKULANI SQUARE, INC., INVESTORS FUNDING CORPORATION, Defendants-Appellees, and DOE DEFENDANTS 1-100, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 05-1-1708)

ORDER DISMISSING APPEAL AND
CROSS-APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Upon review of (1) Defendant/Appellant/Cross-Appellee Eadeen Michie Buffington's (Appellant Buffington) appeal and Third-Party Defendant/Appellee/Cross-Appellant Integrity Escrow and Title Company, Inc., fka First Financial Title and Escrow Agency of Hawaii, Inc.'s (Cross-Appellant IETCI), cross-appeal from the Honorable Robert J. Farris December 2, 2009 "Order Granting Plaintiffs' Petition for Determination of Good Faith Settlement Pursuant to Haw. Rev. State. § 663-15.5 Filed on July 21, 2009" (the December 2, 2009 United States Bankruptcy Court order) in Case No. 07-00504 in the United States Bankruptcy Court for the District of Hawaii, and (2) the record, it appears that we do not have jurisdiction over this appellate case.

We note that Appellant Buffington and Cross-Appellant IETCI seek appellate relief despite that a bankruptcy proceeding

involving Defendant/Appellee/Cross-Appellee Hokulani Square, Inc. (Appellee Hokulani), as a debtor, is apparently still pending in the United States Bankruptcy Court for the District of Hawaii. Under the Hawai'i Rules of Appellate Procedure (HRAP), when a debtor in a bankruptcy proceeding is also a party in a state court case, "[t]he appellate court shall not consider motions or requests for relief during the pendency of the bankruptcy." HRAP Rule 54(c). Furthermore, Appellant Buffington and Cross-Appellant IETCI are attempting to appeal from the December 2, 2009 United States Bankruptcy Court order despite that (a) the December 2, 2009 United States Bankruptcy Court order is not an order of a court of the State of Hawai'i and (b) the record on appeal for appellate court case number 30259 does not contain either the original copy or a certified photocopy of the December 2, 2009 United States Bankruptcy Court order.

We note that the circuit court in Civil No. 05-1-1708, has not yet entered a final judgment that would be appealable pursuant to Hawai'i Revised Statutes § 641-1(a) (1993 & Supp. 2009). Thus, Appellant Buffington and Cross-Appellant IETCI purport to appeal from the December 2, 2009 United States Bankruptcy Court order pursuant to HRS § 663-15.5(e) (Supp. 2009).

However, the primary statute authorizing appeals from United States Bankruptcy Courts' rulings is 28 U.S.C. § 158 (2006), which authorizes appeals from a United States Bankruptcy Court's order or judgment to (1) a United States District Court, (2) a United States bankruptcy appellate panel, or (3) a United States Court of Appeals. 28 U.S.C. § 158 does not authorize an

-2-

appeal from a United States Bankruptcy Court to a state appellate court.

Only the Hawai'i legislature can confer appellate jurisdiction on the Hawaii Intermediate Court of Appeals. The Hawai'i Constitution provides that:

> [t]he judicial power of the State shall be vested in one supreme court, one intermediate appellate court, circuit courts, district courts and in such other courts as the legislature may from time to time establish. The several courts shall have original and appellate jurisdiction as provided by law and shall establish time limits for disposition of cases in accordance with their rules.

Haw. Const. art. VI, § 1 (emphases added). With respect to the phrase, "as provided by law," article III, section 1 of the Hawai'i Constitution[1] vests the Hawai'i legislature with "the power to enact laws and to declare what the law shall be." Sherman v. Sawyer, 63 Haw. 55, 57, 621 P.2d 346, 348 (1980) (citation omitted). "Under this grant of authority, the legislature has the power to establish the subject matter jurisdiction of our state court system." Id. (emphasis added); accord Tax Appeal of County of Maui v. KM Hawaii, Inc., 81 Hawai'i 248, 254, 915 P.2d 1349, 1355 (1996).

Although the Hawai'i legislature has authorized the Supreme Court of Hawai'i to, among other things, "answer, in its discretion, . . . any question or proposition of law certified to it by a federal district or appellate court" (HRS § 602-5(a)(2) (Supp. 2009)), the Hawai'i legislature has not provided any similar authority for the Hawai'i Intermediate Court of Appeals to adjudicate a matter that is or has been pending before a

---

[1] "The legislative power of the State shall be vested in a legislature, which shall consist of two houses, a senate and a house of representatives. Such power shall extend to all rightful subjects of legislation not inconsistent with this constitution or the Constitution of the United States." Haw. Const. art. III, § 1.

federal court:

> § 602-57. Jurisdiction. Notwithstanding any other law to the contrary, the intermediate appellate court shall have jurisdiction, subject to transfer as provided in section 602-58 or review on application for a writ of certiorari as provided in section 602-59:
>
> (1) To hear and determine appeals from any court or agency when appeals are allowed by law;
>
> (2) To entertain, in its discretion, any case submitted without suit when there is a question of law that could be the subject of a civil action or proceeding in the circuit court, or tax appeal court, and the parties agree upon the facts upon which the controversy depends; and
>
> (3) To make or issue any order or writ necessary or appropriate in the aid of its jurisdiction, and in such case, any judge may issue a writ or an order to show cause returnable before the court.

HRS § 602-57 (Supp. 2009).

Granted, the Hawai'i legislature has authorized that "[a] party aggrieved by a court determination on the issue of good faith may appeal the determination." HRS § 663-15.5(e) (emphasis added); see also 2001 Haw. Sess. Laws Act 300; Hse. Stand. Comm. Rep. No. 1230 in 2001 House Journal, at 1599; Sen. Stand. Comm. Rep. No. 828 in 2001 Senate Journal, at 1252-53. Nevertheless, it is reasonable to infer from the plain language of HRS § 602-57 and HRS § 663-15.5(e) that the word "court" refers to only Hawai'i state courts, and does not refer to a United States Bankruptcy Court. Under 28 U.S.C. § 1334 (2006), "[a] bankruptcy court has original and exclusive jurisdiction over bankruptcy cases." Birting Fisheries, Inc. v. Huse-Sporsem, A.S., 300 B.R. 489, 499 (B.A.P. 9th Cir. 2003). By enacting 28 U.S.C. § 1334, "Congress has expressed its intent that bankruptcy matters be handled exclusively in a federal forum." Gruntz v. County of Los Angeles, 202 F.3d 1074, 1080 (9th Cir. 2000) (citation omitted). "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they

might deal efficiently and expeditiously with all matters connected with the bankruptcy estate, . . . and . . . the . . . language of [28 U.S.C.] § 1334(b) must be read to give district courts (and bankruptcy courts under [28 U.S.C.] § 157(a)) jurisdiction over more than simple proceedings involving the property of the debtor or the estate." Celotex Corp. v. Edwards, 514 U.S. 300 308 (1995) (citation and internal quotation marks omitted). Consequently, "bankruptcy court orders are not subject to collateral attack in other courts." Gruntz, 202 F.3d at 1082; McGhan v. Rutz, 288 F.3d 1172, 1179 (9th Cir. 2002). Thus, for example, an intermediate appellate court in New York dismissed an appeal from a bankruptcy court's order that a party had apparently filed in a state court case, because the statute authorizing appeals to the intermediate appellate court in New York, CPLR 5702,

> does not authorize an appeal from a Federal bankruptcy court
> . . . . Neither is there any statute governing practice in
> the Bankruptcy Court authorizing appeals from it to this
> court. In fact, CPLR 5702 is limited to appeals from courts
> of this state . . . . Moreover, the mere filing of the
> Federal Bankruptcy Court's order and judgment with the
> Suffolk County Clerk did not entitle the plaintiff to take
> direct appeals to this court from the order and the judgment
> . . . . Since the order and judgment appealed from are not
> properly before this court, the appeals must be dismissed.

Noghrey v. Town of Brookhaven, 305 A.D. 2d 474, 475 (N.Y. App. Div. 2003).

Similarly in the instant case, the December 2, 2009 United States Bankruptcy Court order is not an order of the circuit court from which Appellant Buffington and Cross-Appellant IETCI are attempting to appeal. Even if the December 2, 2009 United States Bankruptcy Court order were in the record on appeal (which it is not), HRS § 663-15.5(e) would not authorize their appeals from the December 2, 2009 United States Bankruptcy Court

-5-

order.   Absent an appealable final order or judgment, we lack jurisdiction over this appeal and cross-appeal.

Therefore, IT IS HEREBY ORDERED that appellate court case number 30259 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 4, 2010.

Presiding Judge

Associate Judge

Associate Judge